UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY KENDRICK,

    Petitioner,

v.                                          Case No. 8:25-cv-833-MSS-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**O R D E R**

Kendrick filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction for attempted second-degree murder. (Doc. 6) The Court reviews the amended petition for sufficiency. Rule 4, Rules Governing Section 2254 Cases.

An order of probation attached to Kendrick's amended petition demonstrates that a trial judge sentenced Kendrick to twenty years in prison and five years of probation for an attempted murder conviction. (Doc. 6 at 30–35) Judicially noticed records show that, on March 31, 2025, Kendrick was released from prison to serve his term of probation. Inmate Release Information Detail, Florida Department of Corrections, *available at* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=T59555&TypeSearch=IR.

1

"A petitioner need not be under actual physical restraint in order to be 'in custody' for purposes of [Section 2254]." *Duvallon v. Florida*, 691 F.2d 483, 484 (11th Cir. 1982). Because "[i]n the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail," this Court has jurisdiction to review the amended petition. *Duvallon*, 691 F.2d at 485.

In Ground One of the amended petition, Kendrick asserts that the prosecutors in his state criminal case committed fraud on the state court. (Doc. 6 at 5) In Ground Two, Kendrick asserts that the trial judge and the Florida Department of Corrections violated his federal right to procedural due process by failing to notify him and provide him a hearing before imposing costs for supervision and for the appointment of counsel. (Doc. 6 at 7) Kendrick further contends that the order of probation filed in his state criminal case is "forged." (Doc. 6 at 7)

Kendrick's claims appear procedurally barred. However, for judicial efficiency and economy, the Court will proceed to the merits of the claims. *Day v. McDonough*, 547 U.S. 198, 205–06 (2006); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

**Ground One**

Kendrick asserts that the prosecutors in his state criminal case committed fraud on the state court. (Doc. 6 at 5) He contends that documents attached to his amended petition demonstrate that the prosecutors were not licensed to practice law during his state criminal case. (Doc. 6 at 5) He attaches the signature page of the information filed in his state criminal case. (Doc. 6 at 19) On August 1, 2005, a prosecutor with bar number "219770" signed the information. (Doc. 6 at 19) Kendrick contends that the

2

attorney who is assigned the bar number is not licensed to practice law in the State of Florida. (Doc. 6 at 19) Also, Kendrick attaches the signature page of a notice of discovery filed by an attorney named "Terryn H. Burnett" with bar number "978700." (Doc. 6 at 21) He attaches a letter from the Florida Bar that states that Terryn Burnett is not a member of the Florida Bar. (Doc. 6 at 17)

A federal court grants a petitioner relief under Section 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Kendrick does not allege facts that demonstrate that the prosecutor violated his federal rights, his claim is not cognizable on federal habeas. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Even if the claim is cognizable, the claim is frivolous. Judicially noticed records from the Florida Bar demonstrate that bar number "219770" belongs to Mark Franklin Lewis. Mr. Lewis, who was admitted to the bar in 1976, is not eligible to practice law because he retired. Florida Bar Member Profile, *available at* https://www.floridabar.org/directories/find-mbr/profile/?num=219770. Kendrick fails to demonstrate that Mr. Lewis was not eligible to practice law twenty years ago, when he signed the information in Kendrick's state criminal case. (Doc. 6 at 19)

Also, bar number "978700" belongs to Terryn H. Bennett. The notice of discovery was signed by "Terryn H. Burnett." (Doc. 6 at 21) The typo in Ms. Bennett's name on the filing does not demonstrate that Ms. Bennett committed fraud on the state court.

Ground One is **DENIED**.

**Ground Two**

Kendrick asserts that the trial judge and the Florida Department of Corrections violated his federal right to procedural due process by failing to notify him and provide him a hearing before imposing costs for supervision and for the appointment of counsel. (Doc. 6 at 7) Also, Kendrick contends that the order of probation filed his state criminal case is "forged." (Doc. 6 at 7)

In the order of probation, the trial judge imposed, under Section 948.09, Florida Statutes, a fee of $40.00 a month for the cost of supervision. (Doc. 6 at 31) Also, the trial judge imposed, under Section 938.29, Florida Statutes, a fee of $50.00 for the cost of the appointment of counsel. (Doc. 6 at 34) These costs for supervision and for the appointment of counsel are mandatory. § 938.29(1)(a), Fla. Stat. (2008) ("A defendant determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender's office . . . **shall** be liable for payment of attorney's fees and costs.") (bolding added); § 948.09(1)(a)(1), Fla. Stat. (2008) ("Any person ordered by the court, the Department of Corrections, or the parole commission to be placed on probation . . . **must**, as a condition of any placement, pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision.") (bolding added).

Because Sections 938.29 and 948.09 required the imposition of these costs, notice and a hearing were not required. *State v. J.A.R.*, 318 So. 3d 1256, 1257 (Fla.

2021) ("We hold that, by its plain language, section 938.29(1)(a) does not afford a defendant the right to contest the amount of the public defender fee when, as here, the trial court imposes the minimum amount required by the statute.").

Even if Kendrick was entitled to notice and a hearing, Kendrick could have filed a motion, under Rule 3.850, Florida Rules of Criminal Procedure, to assert that the trial judge unlawfully imposed the costs. *Richie v. State*, 777 So. 2d 977, 978 (Fla. 2d DCA 1999) ("Richie also alleges that the trial court erred in imposing a public defender lien without advising him of his right to contest the amount of the lien. Such a claim is cognizable in a Rule 3.850 proceeding.").

Because Florida law provided Kendrick a post-deprivation remedy, the trial judge did not violate his federal right to procedural due process by imposing the costs. *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("'Even assuming the continued retention of plaintiffs' personal property is wrongful, no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available.'") (citation omitted); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) ("Because a violation of procedural due process is not complete 'unless and until [a] State fails to provide due process . . . the state may cure a procedural deprivation by providing a later procedural remedy.'") (citation omitted).

Kendrick contends that the order of probation filed in his state criminal case is "forged." (Doc. 6 at 7) A judicially noticed verdict form in Kendrick's state criminal case demonstrates that, on January 25, 2008, a jury found Kendrick guilty of attempted second-degree murder. Verdict, *State v. Kendrick*, No. 05-CF-13532 (Fla. 13th Jud.

5

Cir.). A judgment demonstrates that, on April 2, 2008, the trial judge sentenced Kendrick to twenty years in prison followed by five years of probation. Judgment, *Kendrick*, No. 05-CF-13532 (Fla. 13th Jud. Cir.). The docket shows that, after sentencing, the trial judge failed to file an order of probation with the judgment. However, on December 16, 2011, the trial judge signed and filed the order of probation, which was dated April 8, 2008. Order of Probation, *Kendrick*, No. 05-CF-13532 (Fla. 13th Jud. Cir.).

Because Kendrick's claim that the order of probation was "forged" fails to state a violation of federal law, the claim is not cognizable on federal habeas. *Branan*, 861 F.2d 1507, 1508. Under Florida law, if a written order of probation conflicts with a trial judge's oral pronouncement at sentencing, the oral pronouncement controls. *Adams v. State*, 118 So. 3d 930, 932 (Fla. 1st DCA 2013). If Kendrick contends that the order of probation conflicts with the trial judge's pronouncement at sentencing, he may seek relief in state court. *Lizano v. State*, 239 So. 3d 714, 716 (Fla. 4th DCA 2018) ("'[A] written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence.'") (quoting *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)).

Accordingly, Kendrick's amended petition (Doc. 6) for a writ of habeas corpus is **DENIED** in part and **DISMISSED** in part. Ground One and the procedural due process claim in Ground Two are **DENIED**. The claim challenging the order of

probation is **DISMISSED** without prejudice for Kendrick to seek relief in state court.[1] The Clerk is **DIRECTED** to enter a judgment against Kendrick on Ground One and on the procedural due process claim in Ground Two and to **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS

Because Kendrick neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on June 13, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[1] The Court attaches to this Order the docket, the verdict, and the judgment in Kendrick's state criminal case.